No. 21-60771

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

―――――――――――――

LARENDA J. HARRISON, ED. D.,

Plaintiff-Appellant

v.

BROOKHAVEN SCHOOL DISTRICT, CITY OF BROOKHAVEN,

Defendant-Appellee

―――――――――――――

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI

―――――――――――――

BRIEF FOR THE UNITED STATES AS AMICUS CURIAE
IN SUPPORT OF PLAINTIFF-APPELLANT AND URGING REVERSAL

―――――――――――――

KRISTEN CLARKE
  Assistant Attorney General

BONNIE I. ROBIN-VERGEER
ANNA M. BALDWIN
  Attorneys
  Department of Justice
  Civil Rights Division
  Appellate Section
  Ben Franklin Station
  P.O. Box 14403
  Washington, D.C.  20044-4403
  (202) 305-4278

## TABLE OF CONTENTS

**PAGE**

INTEREST OF THE UNITED STATES ...................................................................1

STATEMENT OF THE ISSUE...................................................................................2

STATEMENT OF THE CASE....................................................................................3

SUMMARY OF ARGUMENT ...................................................................................6

ARGUMENT

      A REFUSAL TO REIMBURSE TRAINING EXPENSES ON THE BASIS OF RACE OR SEX IS ACTIONABLE UNDER SECTION 703(a)(1) OF TITLE VII, AND NO FURTHER SHOWING OF AN "ULTIMATE EMPLOYMENT DECISION" OR A "TANGIBLE EMPLOYMENT ACTION" IS REQUIRED ...................................................................7

CONCLUSION ........................................................................................................12

CERTIFICATE OF SERVICE

CERTIFICATE OF COMPLIANCE

# TABLE OF AUTHORITIES

**CASES:**                                                                                                    **PAGE**

*Benningfield* v. *City of Hous.*, 157 F.3d 369 (5th Cir. 1998),
    cert. denied, 526 U.S. 1065 (1999)..................................................................6

*Burlington Indus., Inc.* v. *Ellerth*, 524 U.S. 742 (1998) .................................. *passim*

*Burlington N. & Santa Fe Ry. Co.* v. *White*,
    548 U.S. 53 (2006).................................................................................. 10-11

*Chambers* v. *District of Columbia*, No. 19-7098,
    2021 WL 1784792 (D.C. Cir. May 5, 2021) .....................................................11

*Forgus* v. *Esper*, 141 S. Ct. 234 (2020)............................................................ *passim*

*Fyfe* v. *City of Fort Wayne*, 241 F.3d 597 (7th Cir. 2001) ........................................6

*Hollimon* v. *Potter*, 365 F. App'x 546 (5th Cir. 2010)..............................................5

*Peterson* v. *Linear Controls, Inc.*, 140 S. Ct. 2841 (2020).............................. *passim*

*Roberson* v. *Game Stop/Babbage's*, 152 F. App'x 356 (5th Cir. 2005),
    cert. denied, 548 U.S. 924 (2006)....................................................................5

*Shackelford* v. *Deloitte & Touche, LLP*, 190 F.3d 398 (5th Cir. 1999) ............ 5, 8-9

*Taniguchi* v. *Kan Pac. Saipan, Ltd.*, 566 U.S. 560 (2012).........................................8

*Thompson* v. *City of Waco*, 764 F.3d 500 (5th Cir. 2014)...................................... 4-5

*Welsh* v. *Fort Bend Indep. Sch. Dist.*, 941 F.3d 818 (5th Cir. 2019),
    cert. denied, 141 S. Ct. 160 (2020).................................................................5

**STATUTES:**

Civil Rights Act of 1964 (Title VII)
    42 U.S.C. 2000e *et seq.* ................................................................................1
    42 U.S.C. 2000e-2(a)(1) ..................................................................... *passim*

| STATUTES (continued): | PAGE |
|---|---|
| 42 U.S.C. 2000e-5(f)(1) | 1 |
| 42 U.S.C. 2000e-16(a) | 12 |

42 U.S.C. 1981 .................................................................................................... 4

**RULES:**

Fed. R. App. P. 29(a) ........................................................................................... 2

Fed. R. Civ. P. 12(c) ............................................................................................ 4

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 21-60771

LARENDA J. HARRISON, ED. D.,

Plaintiff-Appellant

v.

BROOKHAVEN SCHOOL DISTRICT, CITY OF BROOKHAVEN,

Defendant-Appellee

_____

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI

_____

BRIEF FOR THE UNITED STATES AS AMICUS CURIAE
IN SUPPORT OF PLAINTIFF-APPELLANT AND URGING REVERSAL

_____

**INTEREST OF THE UNITED STATES**

The United States has a substantial interest in the proper interpretation of Title VII of the Civil Rights Act of 1964 (Title VII), 42 U.S.C. 2000e *et seq.* The Attorney General has enforcement responsibilities under Title VII. See 42 U.S.C. 2000e-5(f)(1). This case presents an important question regarding the scope of actionable discrimination under Section 703(a)(1) of Title VII, an issue that the United States recently addressed in *Peterson* v. *Linear Controls, Inc.*, 140 S. Ct. 2841 (2020) (petition voluntarily dismissed), and in *Forgus* v. *Esper*, 141 S. Ct.

234 (2020) (cert. denied). The United States recently has filed amicus briefs in this Court and in other circuits apprising courts of the views the United States expressed in *Peterson* and *Forgus*. See U.S. Br. as Amicus Curiae, *Hamilton* v. *Dallas Cnty.*, No. 21-10133 (5th Cir. May 21, 2021) (argument held on Dec. 6, 2021); U.S. Br. as Amicus Curiae, *Lyons* v. *City of Alexandria*, No. 20-1656 (4th Cir. Sept. 22, 2020); U.S. Br. as Amicus Curiae, *Threat* v. *City of Cleveland*, No. 20-4165 (6th Cir. Jan. 4, 2021), 6 F.4th 672 (6th Cir. 2021); U.S. Br. as Amicus Curiae, *Muldrow* v. *City of St. Louis*, No. 20-2975 (8th Cir. Dec. 10, 2020); U.S. En Banc Br. as Amicus Curiae, *Chambers* v. *District of Columbia*, No. 19-7098 (D.C. Cir. July 7, 2021) (en banc argument held on Oct. 26, 2021).

The United States files this brief under Federal Rule of Appellate Procedure 29(a).

## STATEMENT OF THE ISSUE

Section 703(a)(1) of Title VII of the Civil Rights Act of 1964 provides, in relevant part, that:

> [i]t shall be an unlawful employment practice for an employer * * * to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, *terms, conditions, or privileges of employment*, because of such individual's race, color, religion, sex, or national origin[.]

42 U.S.C. 2000e-2(a)(1) (emphasis added).

This case presents the question of whether an employer's refusal, allegedly on the basis of sex and race, to reimburse training expenses may constitute actionable discrimination "with respect to * * * compensation, terms, conditions, or privileges of employment" under Section 703(a)(1). 42 U.S.C. 2000e-2(a)(1).[1]

## STATEMENT OF THE CASE

1. Plaintiff-appellant LaRenda Harrison is a Black woman who requested that her employer, the Brookhaven School District, pay the fees required for her to participate in the Mississippi School Board Association's Prospective Superintendent's Leadership Academy, a professional development program. ROA.6-8. Harrison's complaint alleges that she was informed that if she were accepted into the program, the school district would pay the fees for the training, as it had done for all past employees who participated in it. ROA.7-8. Once Harrison was accepted, however, the school district's superintendent informed her that the district would not fund the training and refused Harrison's repeated requests for funding. ROA.8-10. Harrison alleges that she met all of the criteria to have her

---

[1] The United States takes no position on the merits of plaintiff's discrimination claim or on any other issues presented in this appeal.

training "funded by the Defendant just like the equally situated white employees that previously had their fees paid by the Defendant." ROA.8.

2. Harrison personally paid the fees required to attend the leadership academy and successfully completed the program. ROA.9. She subsequently sued the district for reimbursement of her training expenses, which the district court noted totaled about $2000, and other damages. ROA.11, 128. Harrison's complaint alleges that the district discriminated against her in violation of Title VII on the basis of race and sex by refusing to pay her training expenses. ROA.8-10. She also brought claims for race discrimination under 42 U.S.C. 1981 and for retaliation under Title VII. ROA.10. The district moved for judgment on the pleadings under Federal Rule of Civil Procedure 12(c), arguing that the complaint does not challenge an actionable adverse employment action under this Court's precedents. ROA.79-86.

3. The district court granted the motion for judgment on the pleadings. ROA.128-138. As relevant here, the court explained that the question of whether the plaintiff pleaded an actionable discrimination claim "hinges on whether Brookhaven School District's refusal to reimburse Dr. Harrison for her training fees constitutes an adverse employment action," and stated that "[i]n the Fifth Circuit, adverse employment actions include only 'ultimate' employment decisions." ROA.135 (citing *Thompson* v. *City of Waco*, 764 F.3d 500, 503-504

(5th Cir. 2014); *Welsh* v. *Fort Bend Indep. Sch. Dist.*, 941 F.3d 818, 825 (5th Cir. 2019), cert. denied, 141 S. Ct. 160 (2020)). The court also relied on the Supreme Court's decision in *Burlington Industries, Inc.* v. *Ellerth*, 524 U.S. 742 (1998), for the proposition that adverse employment actions are generally limited to "tangible employment actions" that constitute a "significant change in employment status, such as hiring, firing, failing to promote, reassignment with significantly different responsibilities, or a decision causing a significant change in benefits." ROA.136 (quoting *Ellerth*, 524 U.S. at 761).

Accordingly, the district court held that the district's refusal to reimburse Dr. Harrison for her training fees does not constitute an actionable adverse employment action. ROA.136-138. To bolster its holding, the district court emphasized that this Court has "consistently declined to find that a denial of training can constitute an adverse employment action." ROA.136-137 (citing *Shackelford* v. *Deloitte & Touche, LLP*, 190 F.3d 398, 406 (5th Cir. 1999); *Roberson* v. *Game Stop/Babbage's*, 152 F. App'x 356, 361 (5th Cir. 2005), cert. denied, 548 U.S. 924 (2006); *Hollimon* v. *Potter*, 365 F. App'x 546, 549 (5th Cir. 2010)). Given that "Fifth Circuit precedent clearly establishes that an employer's failure to provide training does not constitute an adverse employment action in the context of Title VII," the court reasoned, it is "no surprise" that an employer's denial of reimbursement for training "is also not actionable." ROA.137. In

support of this assertion, the district court mis-cited a decision actually from the Seventh Circuit regarding a Title VII retaliation claim, see *Fyfe* v. *City of Fort Wayne*, 241 F.3d 597, 602 (7th Cir. 2001), as well as an in-circuit decision addressing not Title VII, but a First Amendment retaliation claim, see *Benningfield* v. *City of Hous.*, 157 F.3d 369, 376-377 (5th Cir. 1998), cert. denied, 526 U.S. 1065 (1999). ROA.137.

4. Plaintiff timely appealed. ROA.142.

## SUMMARY OF ARGUMENT

The United States files this brief to inform the Court of its view that a refusal to reimburse training expenses, on the basis of race, sex, or any other protected basis, is actionable under Section 703(a)(1) of Title VII of the Civil Rights Act of 1964, 42 U.S.C. 2000e-2(a)(1), and that no further showing of an "ultimate employment decision" or a "tangible employment action" constituting a "significant change in employment status" is required. The United States recently explained its views on the scope of Section 703(a)(1) in an amicus brief in support of the petition for a writ of certiorari arising from a decision of this Court in *Peterson* v. *Linear Controls, Inc.*, 140 S. Ct. 2841 (2020) (petition voluntarily dismissed), and in a brief in opposition to the petition for a writ of certiorari in *Forgus* v. *Esper*, 141 S. Ct. 234 (2020) (cert. denied).

## ARGUMENT

## A REFUSAL TO REIMBURSE TRAINING EXPENSES ON THE BASIS OF RACE OR SEX IS ACTIONABLE UNDER SECTION 703(a)(1) OF TITLE VII, AND NO FURTHER SHOWING OF AN "ULTIMATE EMPLOYMENT DECISION" OR A "TANGIBLE EMPLOYMENT ACTION" IS REQUIRED

In *Peterson* v. *Linear Controls, Inc.*, 140 S. Ct. 2841 (2020) (petition voluntarily dismissed), and *Forgus* v. *Esper*, 141 S. Ct. 234 (2020) (cert. denied), the United States addressed the scope of "terms, conditions, or privileges of employment" under Section 703(a)(1) of Title VII of the Civil Rights Act of 1964, 42 U.S.C. 2000e-2(a)(1).  In these cases, the United States explained its view that Section 703(a)(1) is not limited to "ultimate employment decisions," as this Court's precedents would have it, or to other "tangible employment actions" resulting in "a significant change in employment status."  See U.S. Br. at 7-17, *Peterson* v. *Linear Controls, Inc.*, No. 18-1401 (Mar. 20, 2020); Br. in Opp. at 12-16, *Forgus* v. *Esper*, No. 18-942 (May 6, 2019).

The key statutory text in this case, Section 703(a)(1), makes it unlawful for a private employer or a state or local government "to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin."  42 U.S.C. 2000e-2(a)(1).  Congress did not define the phrase "compensation, terms,

- 8 -

conditions, or privileges of employment" in Title VII. "When a term goes undefined in a statute," courts give "the term its ordinary meaning." *Taniguchi* v. *Kan Pac. Saipan, Ltd.*, 566 U.S. 560, 566 (2012). Under the ordinary meaning of the controlling statutory language, an employer's refusal to reimburse training expenses involves an issue of "compensation" or the "terms, conditions, or privileges" of employment. 42 U.S.C. 2000e-2(a)(1).

Accordingly, the district court applied an erroneous legal standard when it held that the school district's refusal, on the basis of race or sex, to reimburse Harrison's training expenses, is not actionable discrimination under Section 703(a)(1) because it is not an "'ultimate' employment decision[]." ROA.135. This Court's "ultimate employment decision" standard is irreconcilable with the statutory text of Section 703(a)(1) and should be reconsidered. See U.S. Br. at 12-14, *Peterson*, *supra* (No. 18-1401).

Furthermore, the district court's reliance on the Supreme Court's discussion in *Burlington Industries, Inc.* v. *Ellerth*, 524 U.S. 742 (1998) of "tangible employment actions" that result in a "significant change in employment status" was misplaced. ROA.136. This Court has similarly misread *Ellerth* as supporting a substantive requirement that only certain "tangible employment actions" may constitute actionable adverse employment actions Section 703(a)(1). Indeed, when this Court held in *Shackelford* v. *Deloitte & Touche, LLP*, that a denial of training

- 9 -

was not actionable, it did so by citing *Ellerth*'s list of tangible employment actions. See 190 F.3d 398, 406 (5th Cir. 1999), cited in ROA.136-137. But as discussed below, *Ellerth* did not limit the scope of actionable discrimination under Section 703(a)(1). See U.S. Br. at 16-17, *Peterson*, *supra* (No. 18-1401).

*Ellerth* involved a claim against an employer alleging that a supervisor had created a hostile work environment—and thereby altered "the terms or conditions of employment"—through "severe or pervasive" sexual harassment of an employee. 524 U.S. at 752. The question in *Ellerth* was not the substantive standard for such a claim; the question was under what circumstances "an employer has vicarious liability" for sexual harassment by a supervisor. *Id.* at 754. After reviewing agency-law principles, the Supreme Court determined that vicarious liability exists "when the supervisor's harassment culminates in a tangible employment action, such as discharge, demotion, or undesirable reassignment." *Id.* at 765. The Court reasoned that such a "tangible employment action" by a supervisor necessarily "requires an official act of the enterprise," and therefore supports imposing vicarious liability on the employer. *Id.* at 761-762.

*Ellerth*'s identification of the "tangible employment action[s]" that support automatic imputation of vicarious liability to an employer in cases involving supervisory harassment says nothing about the meaning or scope of the phrase "compensation, terms, conditions, or privileges of employment" in Section

703(a)(1). 42 U.S.C. 2000e-2(a)(1). To the contrary: the case shows that a tangible employment action is *not* a necessary ingredient of a Title VII discrimination claim. *Ellerth* held that an employer should be held liable for a hostile work environment created by a supervisor even in the *absence* of any tangible employment action, unless the employer can establish the "affirmative defense" that it "exercised reasonable care to prevent and correct promptly any sexually harassing behavior," and the employee "unreasonably failed to take advantage of any preventive or corrective opportunities provided by the employer." *Ellerth*, 524 U.S. at 764-765. Moreover, the Supreme Court explicitly refused to endorse use of the tangible employment action standard to define or limit the substantive scope of claims brought under Section 703(a)(1). See *id.* at 761 (noting that the concept of a "tangible employment action appears in numerous [discrimination] cases in the Courts of Appeals" and "[w]ithout endorsing the specific results of those decisions," the Court found it "prudent to import the concept" only for the purpose of "resolution of the vicarious liability issue"); see also Br. in Opp. at 16 n.4, *Forgus*, *supra* (No. 18-942).

Consistent with this understanding, the Supreme Court in *Burlington Northern & Santa Fe Railway Co.* v. *White*, 548 U.S. 53 (2006), expressly stated that *Ellerth* "did *not* discuss the scope of" Title VII's "general antidiscrimination provision," but rather invoked the concept of a "'tangible employment action'

- 11 -

\* \* \* *only* to 'identify a class of [hostile work environment] cases' in which an employer should be held vicariously liable (without an affirmative defense) for the acts of supervisors." *White*, 548 U.S. at 64-65 (emphases added; brackets in original) (quoting *Ellerth*, 524 U.S. at 760-761). The decision in *White* therefore confirms that *Ellerth* provides no support for the legal standard the district court applied here.

In sum, the legal standard applied by the district court requiring an "ultimate employment decision," or an employer action akin to *Ellerth*'s definition of a "tangible employment action," has no basis in the text of Section 703(a)(1). See U.S. Br. at 14-17 & n.3, *Peterson*, *supra* (No. 18-1401); Br. in Opp. at 15-16, *Forgus*, *supra* (No. 18-942). The United States' brief in *Peterson* can be found at https://www.justice.gov/sites/default/files/briefs/2020/03/23/18-1401_peterson_ac_pet.pdf, and the United States' brief in *Forgus* can be found at https://www.justice.gov/sites/default/files/briefs/2019/05/07/18-942_forgus_opp.pdf.[2]

---

[2] The D.C. Circuit granted rehearing en banc on its own motion, for the explicit purpose of reconsidering its Title VII precedents, in a pending case in which the United States filed an amicus brief similar to the one here. See *Chambers* v. *District of Columbia*, No. 19-7098, 2021 WL 1784792, at \*1 (D.C. Cir. May 5, 2021) (requesting briefing on whether the court should retain its "objectively tangible harm" standard for actionable Title VII job transfers) (citation omitted).

## CONCLUSION

The United States respectfully urges this Court to reconsider, at an appropriate juncture, its precedent limiting its interpretation of Section 703(a)(1) to "ultimate employment decisions," or to "tangible employment actions" resulting in a "significant change in employment status."[3]

          Respectfully submitted,

          KRISTEN CLARKE
           Assistant Attorney General

          s/ Anna M. Baldwin
          BONNIE I. ROBIN-VERGEER
          ANNA M. BALDWIN
           Attorneys
           Department of Justice
           Civil Rights Division
           Appellate Section
           Ben Franklin Station
           P.O. Box 14403
           Washington, D.C. 20044-4403
           (202) 305-4278

---

    [3] Title VII's federal-sector provision, 42 U.S.C. 2000e-16(a), applies to claims against the federal government. That provision contains different statutory language than Section 703(a)(1), and the United States does not with this filing urge this Court to reconsider any of its precedent interpreting 42 U.S.C. 2000e-16(a).

## CERTIFICATE OF SERVICE

I hereby certify that on December 16, 2021, I electronically filed the foregoing brief with the Clerk of the Court for the United States Court of Appeals for the Fifth Circuit by using the appellate CM/ECF system. Participants in the case are registered CM/ECF users, and service will be accomplished by the appellate CM/ECF system.

        s/ Anna M. Baldwin
        ANNA M. BALDWIN
         Attorney

## CERTIFICATE OF COMPLIANCE

This brief complies with the length limitation of Federal Rule of Appellate Procedure 29(a)(5) because, excluding the parts of the brief exempted by Federal Rule of Appellate Procedure 32(f), this brief contains 2,421 words according to the word processing program used to prepare the brief.

This brief also complies with the typeface and type-style requirements of Federal Rule of Appellate Procedure 32(a)(5)-(6) because it was prepared using Microsoft Word 2019 in Times New Roman 14-point font, a proportionally spaced typeface.

                                                          s/ Anna M. Baldwin  
                                                        ANNA M. BALDWIN  
                                                          Attorney

Date:  December 16, 2021