Case No. 21-60771

# United States Court of Appeals for the Fifth Circuit

**LaRenda J. Harrison, Ed. D.,**
*Plaintiff – Appellant*

**vs.**

**Brookhaven School District, City of Brookhaven,**
*Defendant – Appellee*

**On Appeal from the United States District Court
for the Southern District of Mississippi
Civil Action No. 5:20-CV-136
The Honorable District Judge Taylor B. McNeel, Presiding**

**BRIEF OF APPELLEE,
BROOKHAVEN SCHOOL DISTRICT**

**Susan Fahey Desmond
Mississippi Bar No. 5116
Sarah Katelyn Harrell
Mississippi Bar No. 104754
JACKSON LEWIS P.C.
650 Poydras Street, Suite 1900
New Orleans, Louisiana 70130
Telephone: 504-208-1755
Facsimile: 504-208-1759
Counsel for Appellee
Brookhaven School District**

Case No. 21-60771

# United States Court of Appeals for the Fifth Circuit

**LaRenda J. Harrison, Ed. D.,**
*Plaintiff – Appellant*

**vs.**

**Brookhaven School District, City of Brookhaven,**
*Defendant – Appellee*

## CERTIFICATE OF INTERESTED PERSONS

The undersigned counsel of record certifies that the following listed persons and entities as described in the fourth sentence of Fifth Circuit Rule 28.2.1 have an interest in the outcome of this case. These representations are made to allow the judges of this Court to evaluate possible disqualification or recusal.

1.   Larenda Harrison
     Plaintiff –Appellant

2.   Keith L. Gates
     Counsel for Appellant

3.   Brian Wolfman
     Counsel for Appellant

4.   Madeline Meth

Counsel for Appellant

5.    Georgetown Law Appellate Courts Immersion Clinic
      Counsel for Appellant

6.    Brookhaven School District, City of Brookhaven
      Defendant-Appellee

7.    Susan Fahey Desmond
      Counsel for Appellee

8.    Sarah Katelyn W. Harrell
      Counsel for Appellee

11.   Jackson Lewis P.C.
      Counsel for Appellee

Respectfully submitted,

JACKSON LEWIS P.C.

*/s/ Sarah Katelyn Harrell*
Sarah Katelyn Harrell
Katelyn.Harrell@jacksonlewis.com
650 Poydras Street, Suite 1900
New Orleans, LA 70130
Telephone:  (504) 208-1755
Facsimile:  (504) 208-1759
Counsel for Defendant-Appellee,
Leesville Rehabilitation Hospital, LLC

## **STATEMENT REGARDING ORAL ARGUMENT**

While Appellee, Brookhaven School District, believes that this case turns on

binding and controlling precedent, it respectfully requests the opportunity to present

oral argument to this Honorable Court to the extent the Court is concerned regarding

any aspect of this appeal.

# **TABLE OF CONTENTS**

CERTIFICATE OF INTERESTED PERSONS ........................................................ i

STATEMENT REGARDING ORAL ARGUMENT ............................................. iii

TABLE OF CONTENTS ...................................................................................... iv

TABLE OF AUTHORITIES .................................................................................. v

STATEMENT OF JURISDICTION........................................................................1

I.   STATEMENT OF THE ISSUES.....................................................................2

II.  STATEMENT OF THE CASE.........................................................................2

    A. Summary of the Case........................................................................2

    B.  Statement of Material Facts..............................................................3

III.   SUMMARY OF ARGUMENT.......................................................................4

IV.   ARGUMENT AND AUTHORITIES ..............................................................5

    A. The Standard of Review. .................................................................5

    B.  If the Fifth Circuit Has Ruled on an Issue, Plaintiff Cannot Ignore
    that Interpretation Simply Because She Does Not Like It. .......................6

    C.  The District Court Properly Concluded that the District Did Not
    Violate Title VII. .............................................................................7

        1.   Harrison's Title VII Claim Is Properly Analyzed under the
        McDonnell Douglas Framework.........................................................7

        2.   Harrison Did Not Suffer an Adverse Employment Action. ................8

        3.   EEOC Guidance and NLRB Opinions are Not Controlling
        Precedent. .....................................................................................11

V. CONCLUSION .............................................................................................12

CERTIFICATE OF SERVICE ............................................................................14

CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMIT,
TYPEFACE REQUIREMENTS, AND TYPE-STYLE REQUIREMENTS..........15

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

## Cases

*Abbiw v. Franks Int'l, LLC*,
<u>2018 U.S. Dist. LEXIS 39012, 2018 WL 1221085</u> (W.D. La. Mar.
7, 2018) ...............................................................................................10

*Alvarado v. Texas Rangers*,
<u>492 F.3d 605</u> (5th Cir. 2007) ...............................................................9

*Ashcroft v. Iqbal*,
<u>556 U.S. 662</u> (2009) .............................................................................5

*Backe v. LeBlanc*,
<u>691 F.3d 645</u> (5th Cir. 2012) ...............................................................5

*Barber v. Johnson*,
<u>145 F.3d 234</u> (5th Cir. 1998) ...............................................................6

*Bell Atl. Corp. v. Twombly*,
<u>550 U.S. 544</u>, <u>127 S. Ct. 1955</u>, <u>167 L. Ed. 2d 929</u> (2007) ...................5

*Bryan v. McKinsey & Co. Inc.*,
<u>375 F.3d 358</u> (5th Cir. 2004) ...............................................................8

*Davis v. Dallas Area Rapid Transit*,
<u>383 F.3d 309</u> (5th Cir. 2004) ...............................................................7

*Dollis v. Rubin*,
<u>77 F.3d 777</u> (5th Cir. 1995) .................................................................9

*EEOC v. Flambeau, Inc.*,
<u>846 F.3d 941</u> (7th Cir. 2017) .............................................................12

*Felton v. Polles*,
<u>315 F.3d 470</u> (5th Cir. 2002) ...............................................................9

*Hollimon v. Potter*,
<u>365 F. App'x 546</u> (5th Cir. 2010) ......................................................11

v

*Jacobs v. Nat'l Drug Intelligence Ctr.*,
548 F.3d 375 (5th Cir. 2008) ...............................................................6

*Johnson v. Johnson*,
385 F.3d 503 (5th Cir. 2004) ...............................................................5

*Lockett v. Wal-Mart Stores, Inc.*,
337 F. Supp. 2d 887 (5th Cir. 2004) ....................................................7

*McCoy v. City of Shreveport*,
492 F.3d 551 (5th Cir. 2007) ...............................................................9

*McDonnell Douglas v. Green*,
411 U.S. 792 (1973)........................................................................8, 11

*Meadows v. City of Crowley*,
731 Fed. Appx. 317 (5th Cir. 2018).....................................................8

*Roberson v. Game Stop/Babbage's*,
152 Fed. Appx. 356 (5th Cir. 2005).....................................................9

*Stewart v. Missouri Pacific Railroad*,
121 Fed. Appx. 558 (5th Cir. 2005) (and the United States noted in
its *Amicus Curiae* Brief ) .................................................................6, 7

*Wallace v. Methodist Hosp.*,
271 F.3d 212 (5th Cir. 2001) ...............................................................8

**Statutes**

28 U.S.C. § 1291 ..................................................................................1

28 U.S.C. § 1331 ..................................................................................1

42 U.S.C. § 1981 ..........................................................................*passim*

42 U.S.C. § 2000e, et seq...............................................................*passim*

**Other Authorities**

Rule 12(b)(6) .......................................................................................5

Rule 12(c)...........................................................................................4, 5

## STATEMENT OF JURISDICTION

This is an appeal of a final judgment of the United States District Court for the Southern District of Mississippi, which disposed of all of Appellant, Larenda Harrison's, claims in this lawsuit. The District Court rendered its Memorandum Opinion and Order on September 15, 2021 granting Brookhaven School District's motion to dismiss and motion for judgment on the pleadings and dismissing with prejudice Harrison's claims against the Brookhaven School District.[1] On October 1, 2021, the District Court issued its Final Order of Dismissal dismissing Harrison's claims against the City of Brookhaven for failure to serve process and prosecute.[2] Plaintiff-Appellant, Larenda Harrison, initiated this appeal on October 5, 2021.[3] The District Court had federal question jurisdiction under 28 U.S.C. § 1331. This Court has jurisdiction over the case pursuant to 28 U.S.C. § 1291.

---

[1] ROA.128-138.

[2] ROA.140-141.

[3] ROA.142.

1

## I.  STATEMENT OF THE ISSUES

To better focus the appeal, the Brookhaven School District provides this statement of the issues:

1.     Whether the rule of orderliness prevents this panel from overturning the decisions of prior panels of this Court that require a plaintiff asserting a gender or race discrimination claim under Title VII to plead an adverse employment action.

2.     Whether the District Court correctly found that Larenda Harrison could not establish that the Brookhaven School District violated Title VII of the Civil Rights Act of 1964 or 42 U.S.C. § 1981 by refusing reimbursement for professional training.

## II. STATEMENT OF THE CASE

### A.     Summary of the Case.

Plaintiff/Appellant, Larenda Harrison ("Harrison"), filed her complaint in the United States District Court for the Southern District of Mississippi on May 18, 2020.[4]  Harrison alleged that the District discriminated against her because of her sex and race when her employer, the Brookhaven School District (the "District"), failed to reimburse her for career development training. Additionally, Harrison claimed that the District refused the reimbursement in retaliation for Harrison's prior filing of a charge of discrimination with the Equal Employment Opportunity

---

[4] ROA.6-30.

Commission. The District moved to dismiss the retaliation claim for failure to exhaust administrative remedies on October 15, 2020[5] and its motion for judgment on the pleadings seeking dismissal of all claims on June 1, 2021.[6]  Judge McNeel rendered his Memorandum Opinion and Order on September 15, 2021, granting the District's motion to dismiss and motion for judgment on the pleadings and dismissing with prejudice Harrison's claims against the District.[7]  Harrison initiated this appeal on October 5, 2021, appealing only the dismissal of her Title VII race and gender discrimination claims.[8]

### B.    Statement of Material Facts.

This case arises out of Harrison's employment with the District. The District hired Harrison as an assistant principal on August 18, 2011.[9]   In 2019, she was serving as Director of Alternative Educational Services.[10]  Harrison was interested in attending the Mississippi School Board Association Prospective Superintendent's Leadership Academy, a professional development program.[11]   In 2019, Harrison requested that the District pay for her training at the Academy.[12]  The District refused

---

[5] ROA.39-45.

[6] ROA.79-87.

[7] ROA.128-138.

[8] ROA.142.

[9] ROA.12.

[10] ROA.12

[11] ROA.7-8 at ¶¶ 11 and 13.

[12] ROA.8 at ¶ 13.

to pay for the training.[13]  It is this refusal that forms the basis of Harrison's claims.[14]

## III.    SUMMARY OF ARGUMENT

The District Court properly dismissed Harrison's claims, citing numerous bases for its conclusion. The record evidence and applicable law fail to present any reason to reverse the District Court ruling. For the same reasons outlined in Judge McNeel's detailed and well-reasoned Ruling, this Court should affirm the District Court's order dismissing Harrison's race and gender discrimination claims arising under Title VII under Rule 12(c). The rule of orderliness requires this panel to follow the decisions of prior panels applying the adverse employment action framework to Title VII gender and race discrimination claims, as well as prior panel decisions that an adverse employment action is limited to ultimate employment decisions.

The District Court correctly found that Harrison could not establish a race or sex discrimination claim under Title VII or Section 1981 under the facts and theories pled. Harrison's argument that the District's refusal to pay for her attendance at the Academy constitutes an adverse employment action fails as a matter of law.

---

[13] ROA.8 at ¶ 14.
[14] ROA.6-30.

## IV.   ARGUMENT AND AUTHORITIES

Applying well-established principles of law to uncontroverted facts supported by admissible evidence, the District Court properly dismissed Harrison's claims against the District.

### A.   The Standard of Review.

A district court's denial of a Rule 12(c) motion for judgment on the pleadings is reviewed *de novo*. *Johnson v. Johnson*, 385 F.3d 503, 528 (5th Cir. 2004). "The standard for dismissal under Rule 12(c) is the same as that for dismissal for failure to state a claim under Rule 12(b)(6)." *Id.* "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 557, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)); *see also Backe v. LeBlanc*, 691 F.3d 645, 648 (5th Cir. 2012).

5

**B.    If the Fifth Circuit Has Ruled on an Issue, Plaintiff Cannot Ignore that Interpretation Simply Because She Does Not Like It.**

Harrison seeks to circumvent longstanding Fifth Circuit precedent by arguing that the words of Title VII conflict with Fifth Circuit interpretation of that statute. While Appellant failed to raise this issue with the District Court, Appellee will briefly address it here.

If the Fifth Circuit has ruled on an issue as a panel, under the rule of orderliness that interpretation is binding and one panel cannot overturn another panel's decision "absent an intervening change in the law such as by a statutory amendment, or the Supreme Court, or [by an] *en banc* court [of the Fifth Circuit]." *Jacobs v. Nat'l Drug Intelligence Ctr.*, 548 F.3d 375, 378 (5th Cir. 2008). "Indeed, even if a panel's interpretation of the law appears flawed, the rule of orderliness prevents a subsequent panel from declaring it void." *Id.*; *see also Barber v. Johnson*, 145 F.3d 234, 237 (5th Cir. 1998) ("Even if persuaded that [our prior panel opinion] is inconsistent with [an earlier Supreme Court opinion], we may not ignore the decision, for in this circuit one panel may not overrule the decision of a prior panel.").

Harrison cites (and the District is aware of) no change in the law requiring a plaintiff to show an adverse employment action to demonstrate a *prima facie* case of race or gender-based discrimination under Title VII. Thus, as this Court noted in *Stewart v. Missouri Pacific Railroad,* 121 Fed. Appx. 558 (5th Cir. 2005) (and the

United States noted in its *Amicus Curiae* Brief at p. 5), the Fifth Circuit's precedent limits the application of Title VII to "ultimate employment decisions" or other "tangible employment actions" resulting in "a significant change in employment status." *Stewart*, 121 Fed. Appx. at 562. The Fifth Circuit has ruled on what constitutes an adverse employment action in the context of a Title VII claim, and Harrison cannot overcome that ruling by arguing that the Fifth Circuit – when analyzing Title VII – somehow misinterpreted the statute.

### C.     The District Court Properly Concluded that the District Did Not Violate Title VII.

#### 1.     Harrison's Title VII Claim Is Properly Analyzed under the McDonnell Douglas Framework.

Harrison brings her claim of racial and gender discrimination under Title VII and Section 1981. As she notes in her brief, the elements of a race or gender-based discrimination claim are the same whether the claimant asserts the claim under Section 1981 or Title VII. (Appellant's Brief at p.10, n. 3). *Davis v. Dallas Area Rapid Transit*, 383 F.3d 309, 316 (5th Cir. 2004); *Lockett v. Wal-Mart Stores, Inc.*, 337 F. Supp. 2d 887, 891 (5th Cir. 2004). It is "an unlawful employment practice for an employer to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1).

7

To prevail on a claim for discrimination under Title VII, Harrison must prove "by a preponderance of the evidence that the employer intentionally discriminated against her because of her protected status." *Wallace v. Methodist Hosp.,* 271 F.3d 212, 219-220 (5th Cir. 2001). Harrison has alleged no direct evidence of discrimination. The analysis, therefore, must proceed under the *McDonnell Douglas* framework. *McDonnell Douglas v. Green,* 411 U.S. 792, 802 (1973). The *McDonnell Douglas* framework first requires Appellant to establish a *prima facie* case of racial discrimination, the elements of which, in the context of race or gender discrimination, are: (1) she was within the protected class; (2) she was qualified for the position at issue; (3) her employment status was adversely affected; and (4) she was replaced by someone outside the protected group. *Bryan v. McKinsey & Co. Inc.,* 375 F.3d 358, 360 (5th Cir. 2004). To survive a motion to dismiss, Harrison must allege facts sufficient to establish the elements of her claims. *See Meadows v. City of Crowley,* 731 Fed. Appx. 317, 318 (5th Cir. 2018) (affirming grant of motion to dismiss in Title VII case).

## 2.    Harrison Did Not Suffer an Adverse Employment Action.

The District admits that Harrison was a member of a protected class as an African American and as a female, and that it would not pay for her to attend the Academy in 2019. Even so, Harrison cannot establish a *prima facie* case for discrimination under the *McDonnell Douglas* framework because while it is

undisputed that the District did not pay for Appellant to attend the Academy, this refusal does not rise to the level of an adverse employment action.

The law is well-settled that only "ultimate employment decisions" such as hiring, granting leave, discharging, or compensating qualify as adverse employment actions on which a discrimination claim may be based. *McCoy v. City of Shreveport*, 492 F.3d 551, 559-560 (5th Cir. 2007); *see also Roberson v. Game Stop/Babbage's*, 152 Fed. Appx. 356, 360 (5th Cir. 2005) (disciplinary notices, reprimands, and performance evaluations are not adverse employment actions). "Title VII was designed to address ultimate employment decisions, not to address every decision made by employers that arguably might have some tangential effect upon those ultimate decisions." *Felton v. Polles*, 315 F.3d 470, 486, (5th Cir. 2002) *citing Dollis v. Rubin*, 77 F.3d 777, 781-82 (5th Cir. 1995) (emphasis added).

Harrison points to *Alvarado v. Texas Rangers*, 492 F.3d 605 (5th Cir. 2007) to frame the District's refusal to pay for her training as a failure to promote her. In *Alvarado*, the plaintiff applied for a position for which she was not hired. The plaintiff sued, and the district court held that even though the defendant described the position as a lateral transfer, because there was a genuine issue of fact about whether the new position was "objectively more prestigious" the Court reversed the lower court grant of summary judgment. *Alvarado*, 492 F.3d at 614-615. Comparing *Alvarado* with the instant case has a glaring, insurmountable problem – the District

9

refusing to pay for a training that could potentially lead to an individual being viewed positively in the (not guaranteed) event a superintendent position were to become available is not analogous to a scenario where an individual was not chosen for an actual position that existed and filled by another individual.

In another effort to confound the issues, Appellant argues that "the school district imposed monetary harm on Harrison when it promised to pay for Harrison [sic] training and then reneged." (Appellant's Brief at p. 23) In fact, Appellant argues that "the school district's broken promise directly affected Dr. Harrison's compensation, causing her immediate monetary harm, and that is a key basis for her claim." (Appellant's Brief at p. 23) The obvious problem with this argument is that no one forced Harrison to attend the Academy.[15] Harrison chose to attend even after being told the District would not pay for it.[16] Moreover, "denial of a monetary perk, such as a bonus or reimbursement of certain expenses, does not constitute an adverse employment action if it is wholly within the employer's discretion to grant or deny and is not a component of the employee's salary." *Abbiw v. Franks Int'l, LLC*, 2018 U.S. Dist. LEXIS 39012, *17-18, 2018 WL 1221085 (W.D. La. Mar. 7, 2018) *internal citations omitted*. The District's decision not to fund Harrison's attendance at the Academy was wholly within the District's discretion, and Harrison cannot

---

[15] ROA.12.
[16] ROA.12.

shoehorn this decision into the category of "compensation" when Appellant alone made the decision to attend the Academy and incur that cost.

Finally, Harrison's attempt to parse the *McDonnell Douglas* framework by pointing to comparators before demonstrating an adverse employment action puts the cart before the horse to distract the Court from the inescapable conclusion that Appellant suffered no adverse employment action here. The District vehemently objects to Appellant's characterization of the District paying for white male employees to attend the Academy while refusing to pay for her training. However, even accepting that allegation as true, Appellant still cannot overcome the fact that she did not suffer an adverse employment action because the refusal to pay for the Academy was not an ultimate employment decision. As the District Court properly held,[17] the refusal to provide training does not constitute an adverse employment action in the context of Title VII.

### 3.    EEOC Guidance and NLRB Opinions are Not Controlling Precedent.

Despite this Court's clear precedent, Appellant argues that EEOC guidance on interpretation of Title VII is "entitled to judicial respect." (Appellant's Brief at p. 13). The District does not suggest this Court disrespect the EEOC in any way. Even so, EEOC guidance is not controlling precedent and does not overcome judicial

---

[17] ROA.136, *citing Hollimon v. Potter*, 365 F. App'x 546, 549 (5th Cir. 2010).

11

opinions from this Circuit. As the Seventh Circuit explained, "the EEOC's guidelines are an important 'body of experience and informed judgment' entitled to some deference. They are not, however, controlling law." *EEOC v. Flambeau, Inc.,* 846 F.3d 941, 948 (7th Cir. 2017).

Appellant also points to nonbinding NLRB opinions to buttress her claims, but these opinions – like the guidance of the EEOC – are not controlling precedent to this Court must follow. Despite Appellant's creative efforts to circumvent court opinions with which she does not agree, she cannot overcome the law of this Court.

## V. <u>CONCLUSION</u>

A *de novo* review of the record confirms the District Court's dismissal of Harrison's claims was appropriate. Accordingly, Brookhaven School District respectfully requests that the District Court's order be affirmed and this appeal be dismissed.

Respectfully submitted,

*/s/  Sarah Katelyn Harrell*
Susan Fahey Desmond
Mississippi Bar No. 5116
Susan.Desmond@jacksonlewis.com
Sarah Katelyn Harrell
Mississippi Bar No. 104754
650 Poydras Street, Suite 1900
New Orleans, LA 70130
Telephone:  (504) 208-1755
Facsimile:  (504) 208-1759

Counsel for Defendant-Appellee,
Brookhaven School District

## **CERTIFICATE OF SERVICE**

I certify that the foregoing **BRIEF OF APPELLEE** was filed electronically

with the Clerk of Court who will issue Notice of Docket Activity constituting service

of the filed document on the following Filing Users on the 27th day of January, 2022:

Keith L. Gates
655 Wendover Way
Ridgeland, Mississippi 39157

Brian Wolfman
Madeline Meth
Georgetown Law Appellate Courts Immersion Clinic
600 New Jersey Avenue, NW, Suite 312
Washington, D.C. 20001

Kristen Clarke, Assistant Attorney General
Bonnie I. Robin-Vergeer
Anna M. Baldwin
Department of Justice
Civil Rights Division, Appellate Section
Ben Franklin Station
P. O. Box 14403
Washington, D.C. 20044-4403

  /s/ *Sarah Katelyn Harrell*
Sarah Katelyn Harrell
**JACKSON LEWIS P.C.**
Counsel for Defendant-Appellee,
Brookhaven School District
Dated:  January 27, 2022

## CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMIT, TYPEFACE REQUIREMENTS, AND TYPE-STYLE REQUIREMENTS

1.      This document complies with the type-volume limit of FED. R. APP. P. 32(a)(7)(B)(i) because, excluding the parts of the document exempted by FED. R. APP. P. 32(f) this document contains 2,511 words.

2.      This document complies with the typeface requirements of FED. R. APP. P. 32(a)(5) and the type-style requirements of FED. R. APP. P. 32(a)(6) because this document has been prepared in a proportionally spaced typeface using Microsoft Word for Office 365, Version 2102 in 14-point Times New Roman.

Respectfully submitted,

 /s/ *Sarah Katelyn Harrell*
Sarah Katelyn Harrell
**JACKSON LEWIS P.C.**
Counsel for Defendant-Appellee,
Brookhaven School District
Dated:  January 27, 2022

4862-3458-0743, v. 4